El Pueblo de Puerto Rico, demandante y apelado, *v.* José María Santiago, acusado y apelante.

Núms. 9079 y 9080.—*Sometidos:* Julio 15, 1942.  *Resueltos:* Julio 29, 1942.

*Felipe Colón Díaz,* abogado del apelante; *Hon. Procurador General George A. Malcolm, R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

El acusado ha apelado de las sentencias dictadas en dos casos criminales que se vieron conjuntamente.  En un caso

se le imputaba al acusado una infracción al artículo 81 de la Ley de Espíritus y Bebidas Alcohólicas, Ley Núm 6, Leyes de Puerto Rico, 1936, Tercera Sesión Extraordinaria, que dispone que el tener la posesión o custodia de un alambique no inscrito constituye un *misdemeanor*. En el otro caso se le imputaba al acusado la posesión de espíritus destilados sin que se hubiesen satisfecho sobre los mismos los impuestos de rentas internas prescritos por el artículo 4 de la referida ley, en violación del artículo 77 de la misma.

El apelante señala dos errores. Alega que ni la corte municipal, donde primeramente se vieron estos casos, ni la corte de distrito tenían jurisdicción para conocer de ellos. Su argumento es que las cortes inferiores carecían de jurisdicción porque las denuncias fueron radicadas por un policía insular en la corte municipal ''sin habérsele dado una oportunidad al Tesorero de Puerto Rico para resolver el caso administrativamente, tal como lo dispone la ley.'' El apelante descansa en el artículo 60 de la ley de referencia, que dice como sigue:

''El Tesorero queda por la presente autorizado a imponer y cobrar multas en casos de delitos menos graves (*misdemeanors*) mediante procedimientos administrativos, a toda persona que deje de observar y cumplir las disposiciones de esta Ley o sus reglamentos, promulgados de acuerdo con la misma; dichas multas no excederán de cien (100) dólares. Si la persona multada dejare de pagar dentro del período concedido por el Tesorero, ello constituirá motivo para radicar una denuncia ante una corte competente por la infracción cometida. El Tesorero, a su discreción, y sin procedimientos administrativos, podrá radicar una denuncia contra dicha persona ante la corte correspondiente por dejar de cumplir las disposiciones de esta Ley o los reglamentos del Tesorero.''

No hallamos requisito alguno en el artículo 60 al efecto de que el Pueblo debe demostrar que el Tesorero ha decidido no resolver el caso administrativamente, antes de que las cortes puedan conocer de denuncias por infracciones criminales a los artículos 81 y 77. Quizá sería una mejor

práctica administrativa intragubernamental que en casos de
esta índole la policía pusiera los hechos en conocimiento del
Tesorero con el fin de que éste, como el funcionario encar-
gado principalmente de poner en vigor esta ley, pueda deci-
dir si una multa administrativa o un procedimiento criminal
sería de mejor provecho al interés público en un caso espe-
cífico. Pero ningún delincuente puede alegar que él tiene
un derecho adquirido en esta posibilidad de una decisión
administrativa. Los artículos 81 y 77 no contienen un len-
guaje tan restrictivo. Disponen en términos absolutos que
la posesión de un alambique no inscrito y la de espíritus
destilados sobre los cuales no se han pagado los impuestos
de rentas internas, constituyen misdemeanors. Y el artículo
86 dispone la pena que será impuesta por las cortes en casos
de convicción por tales ofensas. Por lo tanto resolvemos
que tanto la corte municipal como la de distrito tenían ju-
risdicción para conocer de estos casos, en ausencia de una
demostración afirmativa por el apelante de que el Tesorero
había resuelto los casos administrativamente, de acuerdo
con el artículo 60.

El segundo error señalado es que no hubo prueba de
las ofensas imputadas. El primer argumento del apelante
sobre este punto es que el alambique y los espíritus destila-
dos no fueron presentados en evidencia. No creemos que
tal evidencia sea absolutamente indispensable en casos de
esta clase. Sea ello como fuere, el récord contradice al
apelante sobre los hechos. Copiamos del récord lo siguiente:

"Fiscal: Ese es nuestro caso. Presentamos el alambique y el
alcohol.

"Juez: Se admiten."

El apelante argumenta también que el Pueblo omitió
probar una venta de los espíritus destilados en cuestión. Al
establecer este argumento, el apelante aparentemente está
bajo la impresión que la denuncia imputaba una infracción
al párrafo 4 del artículo 3 de la ley, que define el traficante

al detall. La denuncia, sin embargo, imputa una infracción al artículo 4 (que provee el tipo del impuesto sobre espíritus destilados) y el artículo 77, que dispone que la posesión de tales espíritus, sobre los cuales los referidos impuestos no se hayan pagado, constituye un misdemeanor. Por lo tanto no había necesidad de probar una venta para justificar la convicción bajo tal denuncia. Era suficiente que se probara la posesión.

La posición del apelante de que el Pueblo no probó su posesión del alambique y de los espíritus destilados no está sostenida por el récord. Dos policías declararon que sorprendieron al apelante en el acto de estar funcionando el alambique, y que se había huído dejando tras sí el alambique y un galón conteniendo alcohol, que no tenía adheridos los sellos de rentas internas. La prueba de la defensa consistió de una coartada, a la cual la corte de distrito no dió crédito. La prueba fué suficiente para justificar las denuncias en estos casos. *Pueblo v. Figueroa,* 58 D.P.R. 673.

*Las sentencias de la corte de distrito serán confirmadas.*